**Motion Granted and Order filed May 21, 2015**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00279-CV

**LOREN ROSE JEREMY, Appellant**

**V.**

**NICHOLAS DUSAN JEREMY, Appellee**

---

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-FD-0084**

---

## ORDER

On May 6, 2015, appellant, who is appearing pro se, filed a timely motion in this court challenging the trial court's April 29, 2015, ruling sustaining a contest to her affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1), (2). When a motion to review the trial court's ruling on indigence is filed, the trial court clerk and the court reporter must prepare, certify, and file the record of the hearing on the contest to the claim of indigence within three days after the motion is filed. See Tex. R. App. P. 20.1(j)(3). The trial court clerk filed a supplemental clerk's record on April 30, 2015. No hearing record has been filed.

Under the unambiguous language of Rule 20.1(j), if the appellate court does not deny a motion under Rule 20.1(j) within 10 days after the motion is filed, this motion is granted by operation of law.  Tex. R. App. P. 20.1(j)(4).  Even if the trial court clerk and the court reporter prepare, certify, and file the hearing record within three days after the motion is filed, the appellate court has less than a week to review the record and rule on the merits of the motion.  If the trial court clerk and the court reporter file the hearing record after this deadline but within 10 days after the filing of the motion, this court has a very short time to rule on the merits.  If the trial court clerk and court reporter do not file the hearing record within 10 days after the filing of the motion this court has no ability to review the merits of the motion, and the motion is granted by operation of law regardless of whether the motion has merit.  Tex. R. App. P. 20.1(j)(4).  This new rule places a heavy burden on the trial court clerk and the court reporter to act expeditiously in preparing, certifying, and filing the hearing record.  If they fail to do so, then under the applicable procedure, this court has no ability to review the merits of the motion.

No hearing record was filed. More than 10 days have passed since the motion was filed and appellant's motion was granted by operation of law. Accordingly, appellant may proceed on appeal without the advance payment of costs.

Therefore, we ORDER the Galveston County District Clerk, the official court reporter Mary Kathryn Piper, and the court reporter, Ronald F. Vella, to prepare, certify, and file the appellate record without the advance payment of costs. *See* Tex. R. App. P. 20.1(k).  The record will be due in this court 30 days from the date of this order.

PER CURIAM

Panel consists of Justices Christopher, Brown and Wise.